UNITED STATES DISTRICT COURT
DISTRICT OF MAINE
(IN ADMIRALTY)

| | |
|---|---|
| MAINE MARITIME ACADEMY )<br>)<br>)<br>Plaintiff )<br>vs. )<br>)<br>JANIS FITCH of Castine, Maine )<br>)<br>and )<br>)<br>SODEXO OPERATIONS, LLC )<br>a Delaware Limited Liability Company )<br>)<br>Defendants ) | Civil Action No. |

PLAINTIFF'S COMPLAINT FOR DECLARATORY JUDGMENT PURSUANT
TO 28 U.S.C. §2201, et. seq. and Rule 57

NOW COMES the Plaintiff, MAINE MARITIME ACADEMY ("MMA"), by and through its undersigned attorneys, and for its Complaint seeking this Court's Declaratory Judgment respectfully states as follows:

JURISDICTION AND VENUE

1. This is an action for declaratory relief pursuant to Title 28 of the United States Code, § 2201 *et. seq.*, brought for the purpose of adjudicating and determining questions in actual and present controversy existing between the parties hereto, namely MMA's obligation, if any, to continue paying maintenance and cure which Defendant JANIS FITCH ("FITCH"), has demanded from it and SODEXO's obligation, if any, to indemnify MMA.

2. Venue lies within the District of Maine as this cause arises out of an injury sustained by the named FITCH with an address at Castine, ME, aboard the Training Ship STATE OF MAINE ("TSSOM"), which vessel is homeported in Castine, Maine and operated by Maine

Maritime Academy.  Defendant SODEXO provides dining services to Maine Maritime Academy in Castine, Maine.

3. This is an Admiralty and Maritime cause within the meaning of Rule 9(h) of the Federal Rules of Civil procedure, and this Court has jurisdiction pursuant to Title 28 of the United States Code, §1333.

## PARTIES

4. MMA is a public, co-educational college created by an act of the 90th Maine Legislature on March 21, 1941 and is now and was in July of 2016 the operator of the TSSOM.

5. FITCH is an individual residing in Castine, Hancock County, State of Maine, with an address of P. O. Box 34 Bowden Road, Castine, ME.  At all times material hereto FITCH was an employee of SODEXO, working as a lead cook.

6. SODEXO OPERATIONS, LLC (hereinafter "SODEXO") is a Limited Liability Company duly organized and existing under the laws of the State of Delaware.

## FACTUAL ALLEGATIONS

7. On or about May 1, 2012, MMA entered into a Food Services Agreement ("the Agreement") with SODEXO.  The Agreement sets forth the terms and conditions upon which SODEXO was retained to manage and operate Food Service for MMA's students, faculty, staff, employees, visitors and invited guests.

8. A true and correct copy of the Agreement is attached hereto as Exhibit "A."

9. Under the terms of the agreement, SODEXO was and is an independent contractor that retained and retains control over its employees and agents.

10. FITCH primarily worked for SODEXO in MMA's on-campus dining facilities, spending less than 30% of her time working for SODEXO aboard TSSOM.

11. The TSSOM is a 500 foot-long, converted, fast oceangraphic vessel built in 1990 and owned by the United States of America, Department of Transportation, Maritime Administration operated by MMA pursuant to a Memorandum of Agreement.

12. FITCH has asserted that on or about July 16, 2016, she sustained injuries while she was acting as lead cook onboard the TSSOM on the vessel's summer cruise.

FIRST CAUSE OF ACTION
ACTION FOR DECLARATORY RELIEF ON OBLIGATION TO PAY
MAINTENANCE AND CURE

13. Plaintiff repeats and realleges each and every allegation set forth in Paragraphs 1 through 12, inclusive, as if set forth fully herein.

14. SODEXO made the decision to, and did, select and engage FITCH to participate in the summer cruise aboard TSSOM.

15. SODEXO paid FITCH her wages and withheld all applicable federal, state and local employment taxes and payroll insurance with respect to them as well as, insurance premiums, contributions to benefit and deferred compensation plans, licensing fees and worker's compensation costs.

16. SODEXO held the power to dismiss FITCH and terminate her activities aboard TSSOM during 2016.

17. SODEXO had the right and power to control the work hours, duties, schedule and work assignments of FITCH while she was aboard TSSOM.

18. SODEXO was the employer of FITCH at the time of her injury.

WHEREFORE, MMA, prays that this Honorable Court enter judgment on Count I in its favor and against FITCH, and enter an Order declaring and providing the following relief:

    a. MMA was not an employer as defined by the Jones Act, 46 U.S.C. § 883, et. seq.;

    b. FITCH was not a Jones Act seaman on the date of her injury;

    c. MMA has no obligation to pay FITCH maintenance and cure benefits;

    d. Any other such other relief as in law and justice it may be entitled to receive.

SECOND CAUSE OF ACTION
ACTION FOR DECLARATORY RELIEF ON OBLIGATION OF SODEXO TO INDEMNIFY MMA

19. Plaintiff repeats and realleges each and every allegation set forth in Paragraphs 1 through 18 as if set forth fully herein.

20. The Agreement states at Para. 5.5 (page 5) that:

> Each party hereto shall be solely responsible for all personnel actions and all claims arising out of injuries occurring on the job regarding employees on its respective payroll. Each party shall withhold all applicable federal, state and local employment taxes and payroll insurance with respect to its employees, insurance premiums, contributions to benefit and deferred compensation plans, licensing fees and worker's compensation costs and shall file all required documents and forms. Each party shall indemnify, defend and hold the other harmless from and against any claims, liabilities and expenses related to or arising out of the indemnifying party's responsibilities set forth herein.

21. Pursuant to the Agreement, SODEXO was and is solely responsible for the claim of FITCH arising out of her injury on July 16, 2016.

22. Pursuant to the Agreement, SODEXO was and is obligated to indemnify MMA with respect to any and all amounts paid to FITCH and arising out of her injury including, but not limited to, paid maintenance and cure and future maintenance and cure and any damages to which FITCH is found to be entitled as a result of her injury.

23. Notwithstanding the express and unambiguous terms set forth in the agreement, SODEXO has not undertaken to defend MMA or acknowledge its obligation to indemnify MMA for payment of the defense costs and indemnification with respect to any liability it may be found to have.

WHEREFORE, MMA, prays that this Honorable Court enter judgment on Count II in its favor and against SODEXO, and enter an Order declaring and providing the following relief:

a. SODEXO has a duty to indemnify MMA for any liability that it may be declared to have to FITCH in any actions, or to contribute to any judgment rendered against MMA and/or indemnify MMA with respect to any such judgments; and,

b. that a money judgment enter against SODEXO in favor of MMA in an amount equal to amounts MMA has paid towards the care, support, medical expense, repartiration charges, maintenance, cure, any other amounts related to or arising out of the injury to FITCH; and,

c. any and all such other and further relief as the Court may deem proper in the premises.

Dated: May 31 , 2017

                                              MAINE MARITIME ACADEMY
                                              By Its Attorneys

                                              WELTE & WELTE, P.A.
                                              13 Wood Street
                                              Camden, ME  04843


                                              By: /s/ *William H. Welte*
                                              William H. Welte
                                              Bar No.: 3391